**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**TACOMA DIVISION**

| | |
|---|---|
| **MICHAEL MONTGOMERY**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**COLUMBIA BANKING SYSTEMS, INC. and COLUMBIA BANK**<br><br>Defendants. | Case No.:<br><br>**<u>CLASS ACTION COMPLAINT</u>**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Michael Montgomery ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his undersigned counsel, brings this Class Action Complaint against Columbia Banking Systems, Inc. ("CBS") and Columbia Bank ("CB") (collectively "Defendants"). Plaintiff alleges the following upon information and belief based on the investigation of counsel, except as to those allegations that specifically pertain to Plaintiff, which are alleged upon personal knowledge.

## NATURE OF ACTION

1. Plaintiff brings this class action lawsuit individually and on behalf of all persons who entrusted Defendants with sensitive personally identifiable information ("PII")[1] (or "Private Information") who were impacted in a data breach (the "Data Breach" or the "Breach").

2. Plaintiff's claims arise from Defendants' failure to properly secure and safeguard Private Information that was entrusted to them, and their accompanying responsibility to store and

[1] Personally identifiable information generally incorporates information that can be used to distinguish or trace an individual's identity, either alone or when combined with other personal or identifying information. 2 C.F.R. § 200.79. At a minimum, it includes all information that on its face expressly identifies an individual.



MCNAUL EBEL PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-4151
(206) 467-1816

transfer that information.

3. Defendant Columbia Bank is a regional bank which operates as a subsidiary of Defendant Columbia Banking Systems, Inc., and is the largest bank headquartered in Northwestern America. Defendant Columbia Banking Systems, Inc. is headquartered in Tacoma, Washington.[2] Defendant Columbia bank is headquartered in Oregon.

4. Defendants had numerous statutory, regulatory, contractual, and common law duties and obligations, including those based on their affirmative representations to Plaintiff and Class Members, to keep their Private Information confidential, safe, secure, and protected from unauthorized disclosure or access.

5. Defendants recently became aware of a security incident on their IT Network. Upon detection, Defendants launched an investigation with the assistance of third-party cybersecurity experts to determine the nature and scope of the incident.[3]

6. The investigation determined that an unauthorized third-party gained access to their IT Network between October 2, 2025, and December 22, 2025, and potentially accessed individuals' Private Information.[4]

7. Defendants then launched a comprehensive review of the incident to identify the exact types of information compromised as well as identify the individuals affected by the Data Breach. The review was completed on March 6, 2026.[5]

8. Upon information and belief, the following types of Private Information may have been compromised in the Data Breach: names, Social Security numbers, driver's license numbers and financial account numbers.[6]

9. On April 17, 2026, Defendants filed a notice of Data Breach with the Office of the California Attorney General and began sending notice letters to affected individuals.[7]

---

[2] *About Us*, Columbia Banking Systems, Inc., https://www.columbiabank.com/about-us/ (last visited April 23, 2026).
[3] *Exhibit 1:* Michael Montgomery's Notice Letter
[4] *Id.*
[5] *Id.*
[6] *Id.*
[7] *Notice of Data Breach*, *Columbia Bank*, OFFICE OF THE CALIFORNIA ATTORNEY GENERAL, https://oag.ca.gov/system/files/Columbia%20-%20Letter%201%20Year%20Credit%20Monitoring.pdf (last visited April 23, 2026).



MCNAUL EBEL PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-4151
(206) 467-1816

10. Defendants failed to take precautions designed to keep individuals' Private Information secure.

11. Defendants owed Plaintiff and Class Members a duty to take all reasonable and necessary measures to keep the Private Information collected safe and secure from unauthorized access. Defendants solicited, collected, used, and derived a benefit from the Private Information, yet breached their duty by failing to implement or maintain adequate security practices.

12. Defendants admit that information in their systems was accessed by unauthorized individuals, though they provided little information regarding how the Data Breach occurred.

13. The sensitive nature of the data exposed through the Data Breach signifies that Plaintiff and Class Members have suffered irreparable harm. Plaintiff and Class Members have lost the ability to control their Private Information and are subject to an increased risk of identity theft.

14. Defendants, despite having the financial wherewithal and personnel necessary to prevent the Data Breach, nevertheless failed to use reasonable security procedures and practices appropriate to the nature of the sensitive, unencrypted information they maintained for Plaintiff and Class Members, causing the exposure of Plaintiff's and Class Members' Private Information.

15. As a result of Defendants' inadequate digital security and notice process, Plaintiff's and Class Members' Private Information was exposed to criminals. Plaintiff and Class Members have suffered and will continue to suffer injuries, including: financial losses caused by misuse of their Private Information; the loss or diminished value of their Private Information as a result of the Data Breach; lost time associated with detecting and preventing identity theft; and theft of personal and financial information.

16. Plaintiff brings this action on behalf of all persons whose Private Information was compromised as a result of Defendants' failure to: (i) adequately protect the Private Information of Plaintiff and Class Members; (ii) warn Plaintiff and Class Members of Defendants' inadequate information security practices; (iii) effectively secure hardware containing protected Private Information using reasonable and adequate security procedures free of vulnerabilities and incidents; and (iv) timely notify Plaintiff and Class Members of the Data Breach.



MCNAUL EBEL PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-4151
(206) 467-1816

17. Plaintiff brings this action individually and on behalf of a Class of similarly situated individuals against Defendants for: negligence; unjust enrichment; breach of implied contract; breach of confidence; violation of the Washington Consumer Protection Act; and violation of the Washington Data Breach Disclosure Law.

18. Plaintiff seeks to remedy these harms and prevent any future data compromise on behalf of himself and all similarly situated persons whose Private Information was compromised and stolen as a result of the Data Breach and who remain at risk due to Defendants' inadequate data security practices.

## PARTIES

***Plaintiff***

19. Plaintiff Michael Montgomery is a natural person and citizen of Portland, Oregon where he intends to remain.

***Defendants***

20. Defendant Columbia Bank is a regional bank which operates as a subsidiary of Defendant Columbia Banking Systems, Inc., and is the largest bank headquartered in Northwestern America. It maintains its headquarters at 445 SE Main Street, Roseburg, Oregon 97470.

21. Defendant Columbia Banking Systems, Inc. is headquartered in Tacoma, Washington, having its principal place of business located at 1301 A Street, Suite 800, Tacoma, Washington, 98402.[8]

[8] *Contact Us*, Columbia Bank, https://www.columbiabank.com/contact-us/ (last visited April 23, 2026).



MCNAUL EBEL PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-4151
(206) 467-1816

**JURISDICTION AND VENUE**

22. This Court has jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). The amount in controversy exceeds $5 million, exclusive of interest and costs. The number of class members is more than 100, and at least one member of the Class defined below is a citizen of a different state that is diverse from Defendants' citizenship.[9] Thus, minimal diversity exists under 28 U.S.C. § 1332(d)(2)(A).

23. This Court has personal jurisdiction over Defendants because Defendant Columbia Banking Systems, Inc. is registered to do business and maintains its principal place of business in this District. Defendants also regularly conduct business and enter into contracts in the State of Washington.

24. Venue is proper in this Court because Defendant Columbia Banking Systems, Inc.'s principal place of business is located in this District, and because a substantial part of the events, acts, and omissions giving rise to Plaintiff's claims occurred in this District.

**FACTUAL ALLEGATIONS**

**A. Background on Defendants**

25. Defendant Columbia Bank is a regional bank that operates as a subsidiary of Defendant Columbia Banking Systems, Inc., and is the largest bank headquartered in Northwestern America. Defendants are headquartered in Tacoma, Washington.[10]

26. Upon information and belief, Defendants made promises and representations to individuals, including Plaintiff and Class Members, that the Private Information collected from them would be kept safe and confidential, and that the privacy of that information would be maintained.[11]

27. Plaintiff and Class Members provided their Private Information to Defendants with

---

[9] *Notice of Data Breach, Columbia Bank,* OFFICE OF THE CALIFORNIA ATTORNEY GENERAL, https://oag.ca.gov/system/files/Columbia%20-%20Letter%201%20Year%20Credit%20Monitoring.pdf (last visited April 23, 2026).

[10] *About Us*, Columbia Bank, https://www.columbiabank.com/about-us/ (last visited April 23, 2026).

[11] *Privacy Policy*, Columbia Banking Systems, Inc., https://privacy.columbiabank.com/policies?_gl=1*1keg2ol*_gcl_au*MTMwNDQyMDcyNS4xNzc2OTUzMTY2*_ga*OTc2MjQwMzMwLjE3NzY5NTMxNjc.*_ga_8SLPK70MMF*czE3NzY5NTMxNjYkbzEkZzEkdDE3NzY5NTM2NTUkajYwJGwwJGgw (last visited April 23, 2026).



MCNAUL EBEL PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-4151
(206) 467-1816

the reasonable expectation and on the mutual understanding that Defendants would comply with their obligations to keep such information confidential and secure from unauthorized access.

28. As a result of collecting and storing the Private Information of Plaintiff and Class Members for their own financial benefit, Defendants had a continuous duty to adopt and employ reasonable measures to protect Plaintiff's and the Class Members' Private Information from disclosure to third parties.

**B. The Data Breach**

29. Defendant Columbia Bank recently became aware of a security incident on its IT Network. Upon detection, Defendants launched an investigation with the assistance of third-party cybersecurity experts to determine the nature and scope of the incident.[12]

30. The investigation determined that an unauthorized third-party gained access to their IT Network between October 2, 2025, and December 22, 2025, and potentially accessed individuals' Private Information.[13]

31. Defendants then launched a comprehensive review of the incident to identify the exact types of information compromised as well as identify the individuals affected in the Data Breach. The review was completed on March 6, 2026.[14]

32. Upon information and belief, the following types of Private Information may have been compromised in the Data Breach; names, Social Security numbers, driver's license numbers and financial account numbers.[15]

33. On April 17, 2026, Defendants filed a notice of Data Breach with the Office of the California Attorney General and began sending notice letters to affected individuals.[16]

34. Defendants failed to take precautions designed to keep individuals' Private Information secure.

35. While Defendants sought to minimize the damage caused by the Data Breach, they

---

[12] *Exhibit 1:* Michael Montgomery's Notice Letter
[13] *Id.*
[14] *Id.*
[15] *Id.*
[16] *Notice of Data Breach*, Columbia Banking Systems, Inc., OFFICE OF THE CALIFORNIA ATTORNEY GENERAL, https://oag.ca.gov/system/files/Columbia%20-%20Letter%201%20Year%20Credit%20Monitoring.pdf (last visited April 23, 2026).



MCNAUL EBEL PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-4151
(206) 467-1816

cannot and have not denied that there was unauthorized access to the sensitive Private Information of Plaintiff and Class Members.

36. Individuals affected by the Data Breach are, and remain, at risk that their data will be sold or listed on the dark web and, ultimately, illegally used in the future.

**C. Defendants' Failure to Prevent, Identify, and Timely Report the Data Breach**

37. Defendants admit that an unauthorized third party accessed their employees' data. Defendants failed to take adequate measures to protect their computer systems against unauthorized access.

38. The Private Information that Defendants allowed to be exposed in the Data Breach is the type of private information that Defendants knew or should have known would be the target of cyberattacks.

39. Despite their own knowledge of the inherent risks of cyberattacks, and notwithstanding the FTC's data security principles and practices,[17] Defendants failed to disclose that their systems and security practices were inadequate to reasonably safeguard individuals' Private Information.

40. The FTC directs businesses to use an intrusion detection system to expose a breach as soon as it occurs, monitor activity for attempted hacks, and have an immediate response plan if a breach occurs.[18] Immediate notification of a data breach is critical so that those impacted can take measures to protect themselves.

**D. The Harm Caused by the Data Breach Now and Going Forward**

41. Victims of data breaches are susceptible to becoming victims of identity theft. The FTC defines identity theft as "a fraud committed or attempted using the identifying information of another person without authority." 17 C.F.R. § 248.201(9). When "identity thieves have your personal information, they can drain your bank account, run up charges on your credit cards, open

---

[17] *Protecting Personal Information: A Guide for Business*, FED. TRADE COMM'N (Oct. 2016), https://www.ftc.gov/business-guidance/resources/protecting-personal-information-guide-business. (last visited April 23, 2026).

[18] *Id.*



MCNAUL EBEL PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-4151
(206) 467-1816

new utility accounts, or get medical treatment on your health insurance."[19]

42. The type of data that may have been accessed and compromised here can be used to perpetrate fraud and identity theft.

43. Plaintiff and Class Members face a substantial risk of identity theft given that their Private Information was compromised in the Data Breach.

44. Stolen Private Information is often trafficked on the "dark web," a heavily encrypted part of the Internet that is not accessible via traditional search engines. Law enforcement has difficulty policing the "dark web" due to this encryption, which allows users and criminals to conceal their identities and online activity.

45. When malicious actors infiltrate companies and copy and exfiltrate the Private Information that those companies store, the stolen information often ends up on the dark web, where malicious actors buy and sell that information for profit.[20]

46. For example, when the U.S. Department of Justice announced their seizure of AlphaBay—the largest online "dark market"—in 2017, AlphaBay had more than 350,000 listings, many of which concerned stolen or fraudulent documents that could be used to assume another person's identity."[21] Marketplaces similar to the now-defunct AlphaBay continue to be "awash with [PII] belonging to victims from countries all over the world."[22]

47. PII remains of high value to criminals, as evidenced by the prices they will pay through the dark web. Numerous sources cite dark web pricing for stolen identity credentials. For example, personal information can be sold at a price ranging from $40 to $200, and bank details have a price range of $50 to $200.[23] Criminals can also purchase access to entire company data

[19] *Prevention and Preparedness*, NEW YORK STATES POLICE, https://troopers.ny.gov/prevention-and-preparedness (last visited April 23, 2026).
[20] *Shining a Light on the Dark Web with Identity Monitoring*, IDENTITYFORCE (Dec. 28, 2020), https://www.identityforce.com/blog/shining-light-dark-web-identity-monitoring (last visited April 23, 2026).
[21] *Stolen PII & Ramifications: Identity Theft and Fraud on the Dark Web*, ARMOR (April 3, 2018) https://res.armor.com/resources/blog/stolen-pii-ramifications-identity-theft-fraud-dark-web/ (last visited April 23, 2026).
[22] *Id.*
[23] *Id.*



MCNAUL EBEL PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-4151
(206) 467-1816

breaches for $900 to $4,500.[24]

48. According to the FBI's Internet Crime Complaint Center (IC3) 2019 Internet Crime Report, Internet-enabled crimes reached their highest number of complaints and dollar losses in 2019, resulting in more than $3.5 billion in losses to individuals and business victims.[25]

49. Further, according to the same report, "rapid reporting can help law enforcement stop fraudulent transactions before a victim loses the money for good."[26] Defendants did not rapidly report to Plaintiff and Class Members that their Private Information had been stolen.

50. As a result of the Data Breach, the Private Information of Plaintiff and Class Members has been exposed to criminals for misuse. The injuries suffered by Plaintiff and Class Members, or likely to be suffered as a direct result of Defendants' Data Breach, include: (a) theft of their Private Information; (b) costs associated with the detection and prevention of identity theft; (c) costs associated with time spent and the loss of productivity from taking time to address and attempt to ameliorate, mitigate, and deal with the consequences of this Breach; (d) invasion of privacy; (e) the emotional distress, stress, nuisance, and annoyance of responding to, and resulting from, the Data Breach; (f) the actual and/or imminent injury arising from actual and/or potential fraud and identity theft resulting from their personal data being placed in the hands of the ill-intentioned hackers and/or criminals; (g) damage to and diminution in value of their personal data entrusted to Defendants with the mutual understanding that Defendants would safeguard their Private Information against theft and not allow access to and misuse of their personal data by any unauthorized third party; and (h) the continued risk to their Private Information, which remains in the possession of Defendants, and which is subject to further injurious breaches so long as Defendants fail to undertake appropriate and adequate measures to protect Plaintiff's and Class Members' Private Information.

---

[24] Bryan Naylor, *Victims of Social Security Number Theft Find It's Hard to Bounce Back*, NPR (Feb. 9, 2015) https://www.npr.org/2015/02/09/384875839/data-stolen-by-anthem-s-hackers-has-millions-worrying-about-identity-theft (last visited April 23, 2026).

[25] *2019 Internet Crime Report Released*, FBI (Feb. 11, 2020) https://www.fbi.gov/news/stories/2019-internet-crime-report-released-021120#:~:text=IC3%20received%20467%2C361%20complaints%20in,%2Ddelivery%20scams%2C%20and%20extortion (last visited April 23, 2026).

[26] *Id.*



MCNAUL EBEL PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-4151
(206) 467-1816

51. In addition to a remedy for economic harm, Plaintiff and Class Members maintain an interest in ensuring that their Private Information is secure, remains secure, and is not subject to further misappropriation and theft.

52. Defendants disregarded the rights of Plaintiff and Class Members by (a) intentionally, willfully, recklessly, or negligently failing to take adequate and reasonable measures to ensure that their network servers were protected against unauthorized intrusions; (b) failing to disclose that they did not have adequately robust security protocols and training practices in place to safeguard Plaintiff's and Class Members' Private Information; (c) failing to take standard and reasonably available steps to prevent the Data Breach; (d) concealing the existence and extent of the Data Breach for an unreasonable duration of time; and (e) failing to provide Plaintiff and Class Members prompt and accurate notice of the Data Breach.

53. The actual and adverse effects to Plaintiff and Class Members, including the imminent, immediate, and continuing increased risk of harm for identity theft and identity fraud directly or proximately caused by Defendants' wrongful actions and/or inaction and the resulting Data Breach require Plaintiff and Class Members to take affirmative acts to recover their peace of mind and personal security, including, without limitation, purchasing credit reporting services, purchasing credit monitoring and/or internet monitoring services, frequently obtaining, purchasing and reviewing credit reports, bank statements, and other similar information, instituting and/or removing credit freezes and/or closing or modifying financial accounts, for which there is a financial and temporal cost. Plaintiff and other Class Members have suffered, and will continue to suffer, such damages for the foreseeable future.

***Plaintiff Michael Montgomery's Experience***

54. As a condition of his relationship with Defendants, Plaintiff Montgomery was required to supply Defendants with his Private Information.

55. Upon information and belief, Defendants acquired and maintained Plaintiff Montgomery's Private Information as part of their standard business practices and in connection with the services they provide.

56. Defendants sent Plaintiff Montgomery Notice of Data Breach dated April 17,



MCNAUL EBEL PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-4151
(206) 467-1816

2026.[27]

57. Defendants were in possession of Plaintiff Montgomery's Private Information before, during, and after the Data Breach.

58. Plaintiff Montgomery reasonably understood and expected that Defendants would safeguard his Private Information and timely and adequately notify him in the event of a data breach. Plaintiff Montgomery would not have allowed Defendants, or anyone in Defendants' position, to maintain his Private Information if he believed that Defendants would fail to implement reasonable and industry-standard practices to safeguard that information from unauthorized access.

59. Plaintiff Montgomery greatly values his privacy and Private Information and takes reasonable steps to maintain the confidentiality of his Private Information. Plaintiff Montgomery is very concerned about identity theft and fraud, as well as the consequences of such identity theft and fraud resulting from the Data Breach.

60. Plaintiff Montgomery stores any and all documents containing Private Information in a secure location and destroys any documents he receives in the mail that contain any Private Information, or that may contain any information that could otherwise be used to compromise his identity and credit card accounts. Moreover, he diligently chooses unique usernames and passwords for his various online accounts.

61. As a result of the Data Breach, Plaintiff Montgomery has spent several hours researching the Data Breach, reviewing his bank accounts, monitoring his credit report, and engaging in other necessary mitigation efforts. This is valuable time that Plaintiff Montgomery would have spent on other activities, including but not limited to work and/or recreation.

62. As a consequence of and following the Data Breach, Plaintiff Montgomery has experienced a significant uptick in spam calls, messages, and emails.

63. The Data Breach caused Plaintiff Montgomery to suffer stress and anxiety, which were compounded by Defendants' delay in notifying him that his Private Information had been acquired by criminals as a result of the Data Breach.

---

[27] *Exhibit 1*, Michael Montgomery's Notice Letter



McNaul Ebel PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-4151
(206) 467-1816

64. Plaintiff Montgomery anticipates spending considerable time and money on an ongoing basis to try to mitigate and address harms caused by the Data Breach. In addition, Plaintiff Montgomery will continue to be at present and continued increased risk of identity theft and fraud for years to come.

65. Plaintiff Montgomery has a continuing interest in ensuring that his Private Information, which upon information and belief, remains in Defendants' possession, is protected and safeguarded from future breaches.

66. As a direct and traceable result of the Data Breach, Plaintiff Montgomery suffered actual injury and damages after his Private Information was compromised and stolen in the Data Breach, including, but not limited to:

67. lost time and money related to monitoring his accounts and credit reports for fraudulent activity;

a. loss of privacy due to his Private Information being accessed and stolen by cybercriminals;

b. loss of the benefit of the bargain because Defendants did not adequately protect his Private Information;

c. emotional distress because identity thieves now possess his first and last name paired with other sensitive information;

d. imminent and impending injury arising from the increased risk of fraud and identity theft now that his Private Information has been stolen and likely published on the dark web;

e. diminution in the value of his Private Information, a form of intangible property that Defendants obtained from Plaintiff Montgomery; and

f. other economic and non-economic harm.



MCNAUL EBEL PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-4151
(206) 467-1816

## CLASS ALLEGATIONS

68. Plaintiff brings this class action, individually and on behalf of the following Class:

> All persons in the United States whose Private Information was compromised by the Data Breach publicly announced by Defendants in April 2026 (the "Class").

69. Specifically excluded from the Class are Defendants, their officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, principals, partners, joint venturers, or entities controlled by Defendants, and their heirs, successors, assigns, or other persons or entities related to or affiliated with Defendants and/or their officers and/or directors, the judge assigned to this action, and any member of the judge's immediate family.

70. Plaintiff reserves the right to amend the Class definitions above if further investigation and/or discovery reveals that the Class should be expanded, narrowed, divided into subclasses, or otherwise modified in any way.

71. This action may be certified as a class action because it satisfies the numerosity, commonality, typicality, adequacy, and superiority requirements therein.

72. Numerosity: The Class is so numerous that joinder of all Class Members is impracticable. Although the precise number of such persons is unknown, and the facts are presently within the sole knowledge of Defendants, upon information and belief, Plaintiff estimates that the Class is comprised of thousands of Class Members, if not more. The Class is sufficiently numerous to warrant certification.

73. Typicality of Claims: Plaintiff's claims are typical of those of other Class Members because Plaintiff, like the unnamed Class, had his Private Information compromised as a result of the Data Breach. Plaintiff is a member of the Class, and his claims are typical of the claims of the members of the Class. The harm suffered by Plaintiff is similar to that suffered by all other Class Members which was caused by the same misconduct by Defendants.

74. Adequacy of Representation: Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has no interests antagonistic to, nor in conflict with, the Class. Plaintiff has retained competent counsel who are experienced in consumer and commercial class action litigation and who will prosecute this action vigorously.

75. Superiority: A class action is superior to other available methods for the fair and



McNaul Ebel PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-4151
(206) 467-1816

efficient adjudication of this controversy. Because the monetary damages suffered by individual Class Members are relatively small, the expense and burden of individual litigation make it impossible for individual Class Members to seek redress for the wrongful conduct asserted herein. If Class treatment of these claims is not available, Defendants will likely continue their wrongful conduct, will unjustly retain improperly obtained revenues, or will otherwise escape liability for their wrongdoing as asserted herein.

76. Predominant Common Questions: The claims of all Class Members present common questions of law or fact, which predominate over any questions affecting only individual Class Members, including:

a. Whether Defendants failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information compromised in the Data Breach;

b. Whether Defendants' data security systems prior to and during the Data Breach complied with applicable data security laws and regulations;

c. Whether Defendants' storage of Plaintiff's and Class Members' Private Information was done in a negligent manner;

d. Whether Defendants had a duty to protect and safeguard Plaintiff's and Class Members' Private Information;

e. Whether Defendants' conduct was negligent;

f. Whether Defendants' conduct violated Plaintiff's and Class Members' privacy;

g. Whether Defendants took sufficient steps to secure individuals' Private Information;

h. Whether Defendants were unjustly enriched; and



MCNAUL EBEL PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-4151
(206) 467-1816

i. The nature of relief, including damages and equitable relief, to which Plaintiff and Class Members are entitled.

77. Information concerning Defendants' policies is available from Defendants' records.

78. Plaintiff knows of no difficulty which will be encountered in the management of this litigation which would preclude its maintenance as a class action.

79. The prosecution of separate actions by individual members of the Class would run the risk of inconsistent or varying adjudications and establish incompatible standards of conduct for Defendants. Prosecution as a class action will eliminate the possibility of repetitious and inefficient litigation.

80. Given that Defendants had not indicated any changes to their conduct or security measures, monetary damages are insufficient, and there is no complete and adequate remedy at law.

## CAUSES OF ACTION

## COUNT I
## NEGLIGENCE
## (On Behalf of Plaintiff and the Class)

81. Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

82. Plaintiff brings this claim individually and on behalf of the Class Members.

83. Defendants knowingly collected, came into possession of, and maintained Plaintiff's and Class Members' Private Information, and had a duty to exercise reasonable care in safeguarding, securing, and protecting such information from being compromised, lost, stolen, misused, and/or disclosed to unauthorized parties.

84. Defendants had a duty to have procedures in place to detect and prevent the loss or unauthorized dissemination of Plaintiff's and Class Members' Private Information.

85. Defendants had, and continues to have, a duty to timely disclose that Plaintiff's and Class Members' Private Information within their possession was compromised and precisely the types of information that were compromised.



MCNAUL EBEL PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-4151
(206) 467-1816

86. Defendants owed a duty of care to Plaintiff and Class Members to provide data security consistent with industry standards, applicable standards of care from statutory authority like Section 5 of the FTC Act, and other requirements discussed herein, and to ensure that their systems and networks, and the personnel responsible for them, adequately protected individuals' Private Information.

87. Defendants' duty of care to use reasonable security measures arose as a result of the special relationship that existed between Defendants and their employees. Defendants were in a position to ensure that their systems were sufficient to protect against the foreseeable risk of harm to Plaintiff and Class Members from a data breach.

88. Defendants' duty to use reasonable care in protecting confidential data arose not only as a result of the statutes and regulations described above, but also because Defendants are bound by industry standards to protect confidential Private Information.

89. Defendants breached these duties by failing to exercise reasonable care in safeguarding and protecting Plaintiff's and Class Members' Private Information.

90. The specific negligent acts and omissions committed by Defendants include, but are not limited to, the following:

a. Failing to adopt, implement, and maintain adequate security measures to safeguard Plaintiff's and Class Members' Private Information;

b. Failing to adequately monitor the security of their networks and systems; and

c. Failing to periodically ensure that their computer systems and networks had plans in place to maintain reasonable data security safeguards.

91. Defendants, through their actions and/or omissions, unlawfully breached their duties to Plaintiff and Class Members by failing to exercise reasonable care in protecting and safeguarding Plaintiff's and Class Members' Private Information within Defendants' possession.

92. Defendants, through their actions and/or omissions, unlawfully breached their duties to Plaintiff and Class Members by failing to have appropriate procedures in place to detect and prevent dissemination of Plaintiff's and Class Members' Private Information.



MCNAUL EBEL PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-4151
(206) 467-1816

93. Defendants, through their actions and/or omissions, unlawfully breached their duty to timely disclose to Plaintiff and Class Members that the Private Information within Defendants' possession might have been compromised and precisely the type of information compromised.

94. Defendants breached the duties set forth in 15 U.S.C. § 45, the FTC guidelines, the National Institute of Standards and Technology's Framework for Improving Critical Infrastructure Cybersecurity, and other industry guidelines. In violation of 15 U.S.C. § 45, Defendants failed to implement proper data security procedures to adequately and reasonably protect Plaintiff's and Class Members' Private Information. In violation of the FTC guidelines, *inter alia,* Defendants did not protect the Private Information they keep; failed to properly dispose of personal information that was no longer needed; failed to encrypt information stored on computer networks; lacked the requisite understanding of their networks' vulnerabilities; and failed to implement policies to correct security issues.

95. It was foreseeable that Defendants' failure to use reasonable measures to protect Plaintiff's and Class Members' Private Information would result in injury to Plaintiff and Class Members. Further, the breach of security was reasonably foreseeable given the known high frequency of cyberattacks and data breaches.

96. It was foreseeable that the failure to adequately safeguard Plaintiff's and Class Members' Private Information would result in injuries to Plaintiff and Class Members.

97. Defendants' breach of duties owed to Plaintiff and Class Members caused Plaintiff's and Class Members' Private Information to be compromised.

98. But for Defendants' negligent conduct and breach of the above-described duties owed to Plaintiff and Class Members, their Private Information would not have been compromised.

99. As a result of Defendants' failure to timely notify Plaintiff and Class Members that their Private Information had been compromised, Plaintiff and Class Members are unable to take the necessary precautions to mitigate damages by preventing future fraud. As a result of Defendants' negligence and breach of duties, Plaintiff and Class Members are in danger of imminent harm in that their Private Information, which is still in the possession of third parties, will be used for fraudulent purposes, and Plaintiff and Class Members have and will suffer



McNaul Ebel PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-4151
(206) 467-1816

damages including: a substantial increase in the likelihood of identity theft; the compromise, publication, and theft of their personal information; loss of time and costs associated with the prevention, detection, and recovery from unauthorized use of their personal information; the continued risk to their personal information; future costs in terms of time, effort, and money that will be required to prevent, detect, and repair the impact of the personal information compromised as a result of the Data Breach; and overpayment for the services or products that were received without adequate data security.

**COUNT II**
**UNJUST ENRICHMENT**
**(On Behalf of Plaintiff and the Class)**

100. Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

101. Plaintiff and Class Members conferred a benefit upon Defendants by providing Defendants with their Private Information.

102. Defendants appreciated or had knowledge of the benefits conferred upon themselves by Plaintiff. Defendants also benefited from the receipt of Plaintiff's and Class Members' Private Information.

103. Under principles of equity and good conscience, Defendants should not be permitted to retain the full value of Plaintiff's and the Class Members' Private Information because Defendants failed to adequately protect their Private Information. Plaintiff and the proposed Class would not have provided their Private Information to Defendants had they known Defendants would not adequately protect their Private Information.

104. Defendants should be compelled to disgorge into a common fund for the benefit of Plaintiff and Class Members all unlawful or inequitable proceeds received by it because of their misconduct and the Data Breach it caused.

**COUNT III**
**BREACH OF IMPLIED CONTRACT**
**(On Behalf of Plaintiff and the Class)**

105. Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.



MCNAUL EBEL PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-4151
(206) 467-1816

106. Plaintiff and the Class provided and entrusted their Private Information to Defendants. Plaintiff and the Class provided their Private Information to Defendants as part of their regular business practices.

107. In so doing, Plaintiff and the Class entered into implied contracts with Defendants by which Defendants agreed to safeguard and protect such information, to keep such information secure and confidential, and to timely and accurately notify Plaintiff and the Class if their data had been breached and compromised or stolen, in return for the business services provided by Defendants. Implied in these exchanges was a promise by Defendants to ensure that the Private Information of Plaintiff and Class Members in their possession was secure.

108. Pursuant to these implied contracts, Plaintiff and Class Members provided Defendants with their Private Information. In exchange, Defendants agreed to, among other things, and Plaintiff and the Class understood that Defendants would: (1) provide services to Plaintiff and Class Members; (2) take reasonable measures to protect the security and confidentiality of Plaintiff's and Class Members' Private Information; and (3) protect Plaintiff's and Class Members' Private Information in compliance with federal and state laws and regulations and industry standards.

109. Implied in these exchanges was a promise by Defendants to ensure the Private Information of Plaintiff and Class Members in their possession was only used to provide the agreed-upon reasons, and that Defendants would take adequate measures to protect Plaintiff's and Class Members' Private Information.

110. A material term of this contract is a covenant by Defendants that they would take reasonable efforts to safeguard that information. Defendants breached this covenant by allowing Plaintiff's and Class Members' Private Information to be accessed in the Data Breach.

111. Indeed, implicit in the agreement between Defendants and Plaintiff and Class Members was the obligation that both parties would maintain information confidentially and securely.

112. These exchanges constituted an agreement and meeting of the minds between the parties.



MCNAUL EBEL PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-4151
(206) 467-1816

113. When the parties entered into an agreement, mutual assent occurred. Plaintiff and Class Members would not have disclosed their Private Information to Defendants but for the prospect of utilizing Defendants' services. Conversely, Defendants presumably would not have taken Plaintiff's and Class Members' Private Information if they did not intend to provide Plaintiff and Class Members with their services.

114. Defendants were therefore required to reasonably safeguard and protect the Private Information of Plaintiff and Class Members from unauthorized disclosure and use.

115. Plaintiff and Class Members would not have entrusted their Private Information to Defendants in the absence of their implied contracts with Defendants and would have instead retained the opportunity to control their Private Information.

116. Defendants breached the implied contracts with Plaintiff and Class Members by failing to reasonably safeguard and protect Plaintiff's and Class Members' Private Information.

117. Defendants' failure to implement adequate measures to protect the Private Information of Plaintiff and Class Members violated the purpose of the agreement between the parties.

118. As a proximate and direct result of Defendants' breaches of their implied contracts with Plaintiff and Class Members, Plaintiff and the Class Members suffered damages as described in detail above.

**COUNT IV**
**BREACH OF CONFIDENCE**
**(On Behalf of Plaintiff and the Class)**

119. Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

120. At all times during Plaintiff's and Class Members' interactions with Defendants, Defendants were fully aware of the confidential and sensitive nature of Plaintiff's and Class Members' Private Information that Plaintiff and Class Members entrusted to Defendants.

121. As alleged herein and above, Defendants' relationship with Plaintiff and the Class was governed by terms and expectations that Plaintiff's and Class Members' Private Information would be collected, stored, and protected in confidence, and would not be disclosed to



MCNAUL EBEL PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-4151
(206) 467-1816

unauthorized third parties.

122. Plaintiff and Class Members entrusted Defendants with their Private Information with the explicit and implicit understandings that Defendants would protect and not permit the Private Information to be disseminated to any unauthorized third parties.

123. Plaintiff and the Class also entrusted Defendants with their Private Information with the explicit and implicit understanding that Defendants would take precautions to protect that Private Information from unauthorized disclosure.

124. Defendants voluntarily received Plaintiff's and Class Members' Private Information in confidence with the understanding that their Private Information would not be disclosed or disseminated to the public or any unauthorized third parties.

125. As a result of Defendants' failure to prevent and avoid the Data Breach from occurring, Plaintiff's and Class Members' Private Information was disclosed and misappropriated to unauthorized third parties beyond Plaintiff's and Class Members' confidence, and without their express permission.

126. As a direct and proximate cause of Defendants' actions and omissions, Plaintiff and the Class have suffered damages.

127. But for Defendants' disclosure of Plaintiff's and Class Members' Private Information in violation of the parties' understanding of confidence, their Private Information would not have been compromised, stolen, viewed, accessed, and used by unauthorized third parties. Defendants' Data Breach was the direct and legal cause of the theft of Plaintiff's and Class Members' Private Information as well as the resulting damages.

128. The injury and harm Plaintiff and the Class suffered was the reasonably foreseeable result of Defendants unauthorized disclosure of Plaintiff's and Class Members' Private Information. Defendants knew or should have known their methods of accepting and securing Plaintiff's and Class Members' Private Information was inadequate as it relates to, at the very least, securing servers and other equipment containing Plaintiff's and Class Members' Private Information.

129. As a direct and proximate result of Defendants' breach of confidence with Plaintiff



McNaul Ebel PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-4151
(206) 467-1816

and the Class, Plaintiff and the Class have suffered and will suffer injury, including but not limited to: (i) identity theft; (ii) the loss of the opportunity how their Private Information is used; (iii) the compromise, publication, and/or theft of their Private Information; (iv) out-of-pocket expenses associated with the prevention, detection, and recovery from identity theft, tax fraud, and/or unauthorized use of their Private Information; (v) lost opportunity costs associated with effort expended and the loss of productivity addressing and attempting to mitigate the actual present and future consequences of the Data Breach, including but not limited to efforts spent researching how to prevent, detect, contest, and recover from tax fraud and identity theft; (vi) costs associated with placing freezes on credit reports; (vii) the continued risk to their Private Information, which remain in Defendants' possession and is subject to further unauthorized disclosures so long as Defendants fails to undertake appropriate and adequate measures to protect the Private Information of individuals; and (viii) present and future costs in terms of time, effort, and money that will be expended to prevent, detect, contest, and repair the impact of the Private Information compromised as a result of the Data Breach for the remainder of the lives of Plaintiff and Class Members.

130. As a direct and proximate result of Defendants breach of confidence, Plaintiff and Class Members have suffered and will continue to suffer other forms of injury and/or harm, including, but not limited to, anxiety, emotional distress, loss of privacy, and other economic and non-economic losses.

**COUNT V**
**VIOLATION OF THE WASHINGTON CONSUMER PROTECTION ACT**
**RCW 19.86.010, et seq.**
**(On behalf of Plaintiff and the Class)**

131. Plaintiff incorporates by reference all other paragraphs as if fully set forth herein.

132. The Washington State Consumer Protection Act, RCW 19.86.020 (the "CPA") prohibits any "unfair or deceptive acts or practices" in the conduct of any trade or commerce as those terms are described by the CPA and relevant case law.

133. Defendants are a "person" as described in RCW 19.86.010(1).

134. Defendants are engaged in "trade" and "commerce" as described in RCW 19.86.010(2) in that they engage in commerce directly and indirectly affecting the people of the State of Washington.



McNaul Ebel PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-4151
(206) 467-1816

135. By virtue of the above-described wrongful actions, inactions, omissions, and wants of ordinary care that directly and proximately caused the Data Breach, Defendants engaged in unlawful, unfair, and fraudulent practices within the meaning of, and in violation of, the CPA, in that Defendants' practices were injurious to the public interest because they injured other persons, had the capacity to injure other persons, and have the capacity to injure other persons.

136. Defendants' failure to safeguard the Private Information exposed in the Data Breach constitutes an unfair act that offends public policy.

137. Defendants' failure to safeguard the Private Information compromised in the Data Breach caused substantial injury to Plaintiff and Class Members. Defendants' failure is not outweighed by any countervailing benefits to consumers or competitors, and it was not reasonably avoidable by consumers.

138. Defendants' failure to safeguard the Private Information disclosed in the Data Breach, and their failure to provide timely and complete notice of that Data Breach to the victims, is unfair because these acts and practices are immoral, unethical, oppressive, and/or unscrupulous.

139. Defendants violated the CPA by, inter alia:

a. failing to implement and maintain reasonable security and privacy measures to protect Plaintiff's and Class Members' Private Information, which was a direct and proximate cause of the Data Breach;

b. failing to identify foreseeable security and privacy risks, remediate identified security and privacy risks, and adequately improve security and privacy measures following previous cybersecurity incidents, which was a direct and proximate cause of the Data Breach;

c. failing to comply with common law and statutory duties pertaining to the security and privacy of Plaintiff's and Class Members' Private Information, including duties imposed by the FTC Act, 15 U.S.C. § 45, the FCRA, and 15 U.S.C. § 1681e, which was a direct and proximate cause of the Data Breach;



MCNAUL EBEL PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-4151
(206) 467-1816

d. omitting, suppressing, and concealing the material fact that they did not reasonably or adequately secure Plaintiff's and Class Members' Private Information; and

e. omitting, suppressing, and concealing the material fact that they did not comply with common law and statutory duties pertaining to the security and privacy of Plaintiff's and Class Members' Private Information, including duties imposed by the FTC Act, 15 U.S.C. § 45, the FCRA, and 15 U.S.C. § 1681e.

140. Defendants' omissions were material because they were likely to deceive reasonable consumers about the adequacy of Defendants' data security and ability to protect the confidentiality of their Private Information.

141. Defendants intended to mislead Plaintiff and Class Members and induce them to rely on their omissions.

142. Had Defendants disclosed to Plaintiff and Class Members that their data systems were not secure and thus vulnerable to attack, Defendants would have been unable to continue their operations, and they would have been forced to adopt reasonable data security measures and comply with the law. Defendants accepted the Private Information that Plaintiff and Class Members entrusted to them while keeping the inadequate state of their security controls secret from the public. Accordingly, Plaintiff and Class Members acted reasonably in relying on Defendants' omissions, the truth of which they could not have discovered through reasonable investigation.

143. Defendants acted intentionally, knowingly, maliciously, and recklessly disregarded Plaintiff's and Class Members' rights.

144. As a direct and proximate result of Defendants' unfair and deceptive acts and practices, Plaintiff and Class Members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including from fraud and identity theft; time and expenses related to monitoring their financial accounts for



MCNAUL EBEL PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-4151
(206) 467-1816

fraudulent activity; an increased, imminent risk of fraud and identity theft; and loss of value of their PII.

145. The gravity of Defendants' wrongful conduct outweighs any alleged benefits attributable to such conduct. There were reasonably available alternatives to further Defendants' legitimate business interests other than engaging in the above-described wrongful conduct.

146. Defendants' unfair or deceptive acts or practices occurred in their trade or business and have injured and are capable of injuring a substantial portion of the public. Defendants' general course of conduct as alleged herein is injurious to the public interest, and the acts complained of herein are ongoing and/or have a substantial likelihood of being repeated.

147. Unless restrained and enjoined, Defendants will continue to engage in the above-described wrongful conduct, and more data breaches will occur. Plaintiff, therefore, on behalf of himself and the Class, seeks restitution and an injunction prohibiting Defendants from continuing such wrongful conduct, and requiring Defendants to design, adopt, implement, control, direct, oversee, manage, monitor and audit appropriate data security processes, controls, policies, procedures, protocols, and software and hardware systems to safeguard and protect the Private Information entrusted to them.

148. Plaintiff, on behalf of himself and Class Members, also seeks to recover actual damages sustained by each Class Member together with the costs of the suit, including reasonable attorney fees. In addition, Plaintiff, on behalf of himself and Class Members, requests that this Court use its discretion, pursuant to RCW 19.86.090, to increase the damages award for each Class Member by three times the actual damages sustained, not to exceed $25,000.00 per Class Member.

**COUNT VI**
**VIOLATION OF THE WASHINGTON DATA BREACH DISCLOSURE LAW**
**RCW 19.255.005, et seq.**
**(On Behalf of Plaintiff and the Class)**

149. Plaintiff incorporates by reference all other paragraphs as if fully set forth herein.

150. Under RCW 19.255.010(2), "[a]ny person or business that maintains or possesses data that may include personal information that the person or business does not own or licensee



MCNAUL EBEL PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-4151
(206) 467-1816

shall notify the owner or licensee of the information of any breach of the security of the data immediately following discovery[.]"

151. On information and belief, this statute applies to Defendants because Defendants do not own nor license the PII exposed.

152. The Data Breach at issue constitutes a "breach of the security of the data" under RCW 19.255.010.

153. Defendants violated the Washington Data Breach Notification Disclosure Law when they failed to disclose the Data Breach to Plaintiff and Class Members "immediately following discovery" nor in a reasonable timely manner. Thus, Plaintiff seeks all available relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendants, as follows:

(a) For an order determining that this action is properly brought as a class action and certifying Plaintiff as the representative of the Class and his counsel as Class Counsel;

(b) For an order declaring that Defendants' conduct violates the laws referenced herein;

(c) For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

(d) For damages in amounts to be determined by the Court and/or jury;

(e) For an award of statutory damages or penalties to the extent available;

(f) For pre-judgment interest on all amounts awarded;

(g) For an award of attorneys' fees, costs, and litigation expenses, as allowed by law;

(h) For an order of restitution and all other forms of monetary relief; and

(i) Such other and further relief as the Court deems necessary and appropriate.



MCNAUL EBEL PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-4151
(206) 467-1816

**JURY TRIAL DEMANDED**

Plaintiff demands a trial by jury of all claims in this Class Action Complaint so triable.

Dated: April 24, 2026

Respectfully Submitted,

**By:**/s/ *Kaleigh N. Boyd*
Kaleigh N. Boyd, WSBA #52684
**MCNAUL EBEL PLLC**
One Union Square
600 University Street, Suite 2700
Seattle, Washington 98101
Tel: (206) 389-9332
kboyd@mcnaul.com

Mark S. Reich*
Tyler A. Litke*
Melissa G. Meyer*
**LEVI & KORSINSKY, LLP**
33 Whitehall Street, 27th Floor
New York, NY 10004
Telephone: (212) 363-7500
Facsimile: (212) 363-7171
Emails: mreich@zlk.com
tlitke@zlk.com
mmeyer@zlk.com

*Attorneys for Plaintiff*

**pro hac vice forthcoming*

# EXHIBIT 1

COLUMBIA BANK

Exhibit 1

[redacted]

[redacted]

RE: NOTICE OF DATA BREACH

Dear Michael D Montgomery,

Columbia Bank values and respects the privacy of your information, which is w[illegible]
incident that may have involved some of your personal information. We want to n[illegible]
steps we have taken to address it.

**What Happened?** We recently learned that an unknown, unauthorized third part[illegible]
Bank applications. Upon discovering the incident, we promptly began an internal [illegible]
systems, and notified law enforcement. We also engaged a forensic security firm [illegible]
ensure the security of our computer systems. The investigation determined that th[illegible]
certain Columbia Bank applications and information between October 2, 2025, and [illegible]

**What Information Was Involved?** We reviewed the data potentially accessed or [illegible]
party to determine if it contained any personal information. Based on the results of [illegible]
we completed our review and determined that the data contained some of your per[illegible]
account number, SSN or Tax ID, name, phone number, email.

**What We Are Doing.** In addition to the actions described above, we are taking furt[illegible]
type of incident occurring in the future, including enhancing our technical security [illegible]
for you to enroll in a one-year membership of Experian IdentityWorksSM Credit 3B [illegible]
product helps customers detect possible misuse of their personal information and pro[illegible]
focused on prompt identification and resolution of identity theft. IdentityWorks Credit [illegible]
more information, including instructions on how to activate your complimentary [illegible]